### DELTA LUMBER CO. v SCHWARZ WHEEL CO.

(District Court, E. D. Pennsylvania. November 23, 1914.)

No. 2502.

**1. CORPORATIONS (§ 684*)—FOREIGN CORPORATIONS—ACTIONS—RECEIVERS.**

Where a corporation sued defendant for breach of contract, seeking to recover in its own name, the fact that a receiver was appointed for the corporation pendente lite in a suit instituted in the state of its domicile constituted no objection to a recovery; it appearing that the corporation still retained title to all of its property, including the chose in action sued on, and that since the institution of the suit it had been relieved of the receivership.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

**2. APPEAL AND ERROR (§ 882*)—RIGHT TO ALLEGE ERROR—FAILURE TO RAISE QUESTION AT TRIAL.**

Where defendant was responsible for an error in the instructions, and did not call the attention of the trial court thereto, in order that it might be corrected at the trial, it could not take advantage of the error on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

**3. APPEAL AND ERROR (§ 263*)—EXCEPTIONS—NECESSITY.**

Error in giving an instruction not supported by the evidence is not available on appeal, where no exception was taken thereto at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

Action by the Delta Lumber Company, a corporation under the laws of West Virginia, against the Schwarz Wheel Company, a Pennsylvania corporation. On motion for a new trial. Denied conditionally.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Carr, Beggs & Steinmetz, of Philadelphia, Pa., for plaintiff.
Wm. F. Brennan, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] To render intelligible the reasons on which the motion for a new trial is grounded, a short statement of the facts involved in this case may be made. The action is by one corporation against another. It is founded upon averments which raise certain well-defined issues, which may be formulated in the questions of whether there had been a contract made between the parties, what the contract was, whether there had been a breach, and, if a breach, what the damage was. A chancery receiver was appointed for plaintiff by the courts of West Virginia, and the further fact may be stated that the company, by the decree of the same court, has, since the institution of the suit, been relieved of the receivership. This latter was not a trial fact, however, as the record evidence of it did not reach counsel until after the close of the case. It is stated now, not as bearing upon the trial questions, but for guidance in awarding judgment and execution.

The action here was brought by the corporation in its own name. With one exception, all the reasons for a new trial now pressed bear upon the right of the defendant to interpose this receivership as a defense. Many cases may be cited in which similar efforts have met with success. An equal or a greater number may be found in which like attempts have failed. In some of the first class of cases the right of action was not in the corporation, but had passed by operation of law or of the corporation to a statutory receiver, or some one in whom alone was the right of action. The ground upon which these rulings are based is apparent. In other cases the corporation was seeking in the foreign jurisdiction to maintain an action which the courts of its own state would not entertain nor permit it to maintain there. All courts will, by applying the principle or policy of comity, respect the orders and decrees of the court or sovereignty to which the plaintiff owes allegiance. In still other cases the corporation was insolvent, or there was other danger of loss or expense to home creditors, which the appointment of an ancillary receiver would prevent. In the second class of cases, none of these or other reasons in the way of a recovery existed, and the corporation was permitted to recover in its own name. This case belongs to the latter class. The receiver here is merely a pendente lite appointment. The corporation is still existing and retains title to all its property, including this chose in action. Neither the decree appointing the receiver nor the laws of the state of its incorporation inhibit the corporation from bringing this action. Neither insolvency nor any reason to protect creditors or others through an ancillary receiver appears.

The defense is a purely technical one, and, if successful, would merely subject the plaintiff to expense, trouble, and delays, which are uncalled for, if not required to sustain its right of action. The defendant must, under these circumstances, show a right which has been denied it. None has been shown. If an ancillary receivership is required to protect defendant in the payment of the verdict, such

protection can be accorded on the entry of the judgment and by controlling execution, and is provided for in the order now made.

[2, 3] The remaining reasons relate to complaints of the charge to the jury. All these were dropped at the argument, except one. The jury were told that they might find an agreement to pay a certain rental. This was upon the supposition that a witness for the plaintiff had testified to an agreement to so pay. The notes show no such testimony. The defendant itself was answerable for this error, because it introduced a flat denial that any such agreement had been made. No appellate question arises out of this, because the attention of the trial judge should have been called to the error, in order that it might be corrected. This was not done, nor exception taken to this feature of the charge. To make sure that the defendant does not suffer by this inadvertence, the plaintiff will be required to remit $170 of the verdict.

The rule for a new trial is discharged, subject to the condition that plaintiff must move for leave to enter judgment on the verdict after notice to defendant, and leave to so move is now allowed, upon plaintiff filing a remittitur for $170 from the amount of the verdict, and upon making proof that plaintiff has been relieved of the receivership.